**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTOPHER EDWARD FERGUSON, | No.    18-16564 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-01525-APG-NJK |
| v. | |
| CHAD BAKER, officer; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted July 15, 2019[**]

Before:    SCHROEDER, SILVERMAN, and CLIFTON, Circuit Judges.

Christopher Edward Ferguson appeals pro se from the district court's

judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional violations

in connection with the seizure and impoundment of his vehicle.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo the district court's

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissal under 28 U.S.C. § 1915A. *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011). We reverse and remand.

The district court dismissed Ferguson's Fourth Amendment unlawful seizure and Fourteenth Amendment due process claims for failure to state a claim. However, Ferguson alleged that his vehicle was impounded after he was cited for driving without a valid license and for not having car insurance, even though the vehicle was parked 200 yards from Ferguson's home and Ferguson offered to have a family member retrieve the vehicle for him. Ferguson also alleged that his vehicle was sold without any notice to him and before he had an opportunity to contest the wrongful seizure of the vehicle in court. These allegations were "sufficient to warrant ordering [defendants] to file an answer." *Wilhem v. Rotman*, 680 F.3d 1113, 1116 (9th Cir. 2012); *see also Yagman v. Garcetti*, 852 F.3d 859, 864 (9th Cir. 2017) ("[T]he Constitution requires *some kind of . . . hearing* before the State deprives a person of liberty or property." (citation omitted)); *United States v. Caseres*, 533 F.3d 1064, 1075 (9th Cir. 2008) (concluding that community caretaking rationale did not justify the impoundment of an unlicensed driver's car which was legally parked in a residential area and did not pose a hazard or impediment to other traffic); *Miranda v. City of Cornelius*, 429 F.3d 858, 866 (9th Cir. 2005) ("An officer cannot reasonably order an impoundment in situations where the location of the vehicle does not create any need for the police to protect

the vehicle or to avoid a hazard to other drivers.").  We therefore reverse the district court's dismissal of the action and remand for further proceedings.

**REVERSED and REMANDED.**